IN RE: PROTON–PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)

MDL No. 2789

United States Judicial Panel on Multidistrict Litigation.

August 2, 2017

Before SARAH S. VANCE, Chair, CHARLES R. BREYER, LEWIS A. KAPLAN, ELLEN SEGAL HUVELLE, R. DAVID PROCTOR, CATHERINE D. PERRY, Judges of the Panel.

---

\* Judge Marjorie O. Rendell took no part in the decision of this matter.

1. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

2. Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., Takeda

## TRANSFER ORDER

SARAH S. VANCE, Chair

**Before the Panel:** \* Plaintiffs in 24 actions pending in the District of New Jersey move to centralize this litigation in that district, or, in the alternative, the Southern District of Illinois. The litigation consists of the 161 actions listed on the attached Schedule A. The Panel has been informed of 34 additional federal actions involving related issues.[1]

All responding plaintiffs support centralization, but certain plaintiffs argue, in the first instance, for the Southern District of Illinois. Defendants' positions on centralization vary. Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (AstraZeneca) support centralization in the District of New Jersey or the Central District of California. Defendants Pfizer Inc., Wyeth Pharmaceuticals, Inc., Wyeth, LLC, and Wyeth–Ayerst Laboratories (collectively Pfizer) support centralization in the District of New Jersey (or, in the alternative, the Eastern District of Pennsylvania). Defendants Procter & Gamble Company and The Procter & Gamble Manufacturing Company (P & G) do not oppose centralization in the District of New Jersey. Various Takeda defendants (Takeda)[2] oppose centralization, and do not suggest any transferee district, if centralization is ordered over their objections. Novartis Consumer Health, Inc. (NCH), which is sued only in a potential tag-along action (in which Takeda also is a defendant), also

Pharmaceuticals International, Inc., Takeda Development Center Americas, Inc., Takeda California, Inc., Takeda Pharmaceuticals America, Inc., Takeda GmbH, Takeda Pharmaceuticals LLC, and TAP Pharmaceutical Products, Inc.

opposes centralization, and, if centralization is ordered over its objections, advocates the District of New Jersey or the Eastern District of Pennsylvania. Both Takeda and NCH further argue that if an MDL is created, any cases or claims against them should be excluded. Finally, three other Novartis entities—Novartis Pharmaceuticals Corporation, Novartis Vaccines and Diagnostics, Inc. and Novartis Institute for Biomedical Research, Inc.—oppose centralization on the grounds that they are not current or former manufacturers or developers of any of the pharmaceuticals at issue, and thus are not proper parties.

## I.

In the complaints in these 161 personal injury and wrongful death actions, plaintiffs allege that as a result of taking one or more proton-pump inhibitors (PPIs), they or their decedents suffered kidney injury (*e.g.*, chronic kidney disease (CKD),[3] acute interstitial nephritis, end stage renal disease, or kidney failure). Plaintiffs allege that defendants failed to adequately warn of the negative effects and risks associated with PPIs.

This litigation is before us for the second time this year. At our January hearing session, we denied a motion for centralization brought by plaintiffs in six PPI actions. *In re: Proton–Pump Inhibitor Prods. Liab. Litig. (Proton–Pump I)*, —— F.Supp.3d ——, 2017 WL 475581 (J.P.M.L. Feb. 2, 2017). The motion encompassed fifteen constituent actions and 24 potential tag-along actions pending in a total of seventeen districts. *Id.* at ——, at *1. All defendants opposed centralization. *Id.*

In *Proton–Pump I*, we recognized that the actions shared certain factual issues "arising from plaintiffs' allegations that taking [PPIs] may result in various types of kidney injury," including the conditions listed above. *Id.* But we concluded that centralization was not warranted for a number of reasons. First, the named defendants varied from action to action: AstraZeneca was sued in most of the actions (14 constituent actions and 23 tag-alongs), but P & G was sued in only eight, Takeda in four, and Pfizer in two. We thus reasoned that centralization "appear[ed] unlikely to serve the convenience of most, if not all, defendants and their witnesses." *Id.* Second, defendants were (and still are) competitors, and centralizing them in a single MDL "likely would complicate case management due to the need to protect trade secret and confidential information," and might prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as additional bellwether trials. *Id.* at ——, at *2. Third, we found that a significant amount of discovery was "almost certain to be defendant-specific," given that the drugs at issue were "not identical," with each having "a unique development, testing, and marketing history, and each [having been] approved by the FDA at different times." *Id.* We stated that the differences among the drugs, as well as the variety of injuries alleged, "significantly undermine[d] any efficiency gains to be achieved from centralization." *Id.* Finally, we noted that although moving plaintiffs had "almost guarantee[d]" that the number of actions would increase "by the hundreds if not thousands," the Section 1407 motion encompassed only 39 cases, including tag-alongs. *Id.*

## II.

**3.** Plaintiffs in more than 120 of the constitu-

ent actions allege that they suffered CKD.

In support of this new motion,[4] plaintiffs, AstraZeneca, and Pfizer argue that the number of involved actions, districts, and plaintiffs' counsel has increased significantly since *Proton–Pump I*, that many more cases likely will be filed, that there now are a significant number of related state court actions,[5] and that informal coordination and cooperation are not practicable to manage litigation of this scope. After careful review of the record, we agree with this assessment.

As stated above, these actions share factual issues arising from allegations that taking one or more PPIs can result in kidney injury, and that defendants failed to adequately warn of the negative effects and risks of PPI use. Although several of the grounds on which we denied centralization in *Proton–Pump I* remain largely valid,[6] we find that the significantly larger number of involved actions, districts, and counsel, the concomitant increase in burden on party and judicial resources, and the opportunity for federal-state coordination, coupled with most defendants' change in position to now support centralization, tip the balance in favor of creating an MDL.[7] Centralization will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on *Daubert* and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary. While we do not discount the case management-related difficulties that a multi-product and multi-defendant MDL such as this may entail, the unusual circumstances presented convince us that at this juncture, formal centralization under Section 1407 is the best course. As we repeatedly have stated, a transferee judge can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently. *See, e.g., In re: AndroGel Prods. Liab. Litig.*, 24 F.Supp.3d 1378, 1379–80 (J.P.M.L. 2014).[8] As with

---

4. We note that our denial of centralization in *Proton–Pump I* did not foreclose the filing of this second motion for centralization. That earlier denial also does not preclude us from reaching a different result here. We will do so only rarely, however, where a significant change in circumstances has occurred. *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F.Supp.2d 1376, 1378 (J.P.M.L 2013).

5. AstraZeneca represents that it has been sued in 87 state court PPI actions—85 in Delaware, one in Missouri, and one in Ohio.

6. The variety of alleged kidney injuries arguably has diminished, as most plaintiffs allege that they suffer from CKD. In addition, the status of defendants as competitors (and defendants' concerns regarding trade secrets, etc.) may be less of an issue in this litigation, given that most (and possibly all) of these medications no longer have patent protection.

7. *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.* (No. II), 997 F.Supp.2d 1354, 1356 (J.P.M.L. 2014) (granting follow-up motion for centralization, where number of related actions had grown from 29 in thirteen districts to over 225 in more than 40 districts; the number of involved plaintiffs' firms had grown as well; and the Panel had been informed of related cases pending in at least three state courts).

8. In *Androgel*, we ordered industry-wide centralization of all cases alleging injuries arising from the use of testosterone replacement therapies on the grounds that a number of plaintiffs had "used more than one testosterone replacement therapy," and that "[t]he other approaches proposed by the parties—centralizing only [cases involving AbbVie's Androgel product] (and perhaps transferring 'combination cases'), separating and remanding claims against certain manufacturers, or transferring only claims relating to testosterone replacement gels—could prove too procedurally complicated, might result in a *de facto* industry-wide centralization as cases involving multiple drugs become part of the MDL, or may require successive motions for centraliza-

any MDL, the transferee judge has substantial discretion to refine the litigation's parameters. *Id.* at 1380 ("[T]he transferee judge retains wide discretion as to how the MDL should be defined ...."). If, after close examination, she determines that Section 1407 remand of any claims or actions involving a particular defendant or PPI is appropriate, procedures are available to accomplish this with minimal delay. *Id.* (citing Panel Rule 10.1).

In opposing centralization and arguing that if centralized, any cases and claims against it should be excluded from the MDL, Takeda relies heavily on our decision in *Proton–Pump I*, and further argues that it is sued in only a minority of the 161 actions. For the reasons stated above, we conclude that *Proton–Pump I* does not control the outcome here. And, although it is true that AstraZeneca is sued in far more actions than Takeda, a significant number of actions are "mixed use" cases in which the plaintiffs allege use of more than one PPI, and sue Takeda and one or more other PPI manufacturers, including AstraZeneca.[9] The prospect of additional cases against Takeda does not

seem far-fetched.[10] Given these circumstances, including the seemingly indivisible nature of plaintiffs' alleged injuries in the "mixed use" cases, we decline to carve out from the MDL cases or claims against Takeda.[11]

■ We select the District of New Jersey as transferee district for this litigation. More than 60 of the 161 constituent actions already are pending in D. New Jersey (more than in any other district). The district is a relatively convenient venue, and enjoys the support of most plaintiffs, as well as the AstraZeneca, Pfizer, and P & G defendants. Further, centralization in the District of New Jersey enables us to assign the litigation to Judge Claire C. Cecchi, an experienced transferee judge who already is actively managing the PPI cases filed in that district. We are confident that the judge will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Claire C. Cecchi

tion." *In re: Androgel Prods. Liab. Litig.*, 24 F.Supp.3d at 1379. These same circumstances are present in the PPI cases now before us.

9. For example, the Middle District of Florida *Lear* plaintiff alleges use, at various times, of AstraZeneca's Nexium and Prilosec PPIs, Takeda's Prevacid PPI, and Pfizer's Protonix PPI; the District of Idaho *Buzbee* plaintiff alleges use of Nexium and Prevacid; the Western District of Louisiana *Crandell* plaintiff alleges use of Nexium, Prevacid, and Prilosec; the District of New Jersey *Luzzo* plaintiff alleges use of Nexium and Prevacid; and the Eastern District of Pennsylvania *Miller* plaintiff alleges use of Nexium and Prevacid.

10. Sales of Prevacid, which came to market in 1995, reportedly exceeded $3 billion annually at one time.

11. Whether claims against NCH, which markets Prevacid 24HR, should be included in the MDL is best addressed through our conditional transfer order process, as NCH is sued only in an Eastern District of Tennessee tag-along action. Similarly, whether future claims against the three other Novartis entities—Novartis Pharmaceuticals Corporation, Novartis Vaccines and Diagnostics, Inc. and Novartis Institute for Biomedical Research, Inc.—should be transferred to the MDL is not properly before us, as those entities currently are not sued in any of the constituent or tag-along cases (having been voluntarily dismissed from the one action in which they previously were named).

for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

**MDL No. 2789—IN RE: PROTON–PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)**

District of Arizona

DAVIS v. TAKEDA PHARMACEUTICALS USA INCORPORATED, ET AL., C.A. No. 2:16–04485

Eastern District of California

THOMAS v. TAKEDA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:16–01566

COSTAMAGNA, ET AL. v. THE PROCTER & GAMBLE COMPANY, ET AL., C.A. No. 2:17–00409

Middle District of Florida

LEAR v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00240

District of Idaho

BUZBEE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00174

Central District of Illinois

MULLEN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:17–01220

Northern District of Illinois

WEITER v. TAKEDA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:16–11199

PARKER v. TAKEDA PHARMACEUTICAL COMPANY LIMITED, ET AL., C.A. No. 1:17–03764

Southern District of Illinois

COLEMAN, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00130

ROSENSTEEL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00131

DRAVLAND, JR. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00133

RICHARDSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00406

MCGILL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17–00461

WINTERS, SR. v. ASTRAZENECA PHARMACEUTICALS, LP, ET AL., C.A. No. 3:17–00535

District of Kansas

KOON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–02605

DONECKER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17–01082

Eastern District of Kentucky

CARPENTER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 0:16–00159

ROBERTS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 5:17–00117

LOCKARD, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17–00125

THACKER, ET AL. v. THE PROCTER & GAMBLE COMPANY, ET AL., C.A. No. 7:17–00078

Western District of Kentucky

LOWE v. ASTRAZENECA PHARMA-CEUTICALS LP, ET AL., C.A. No. 5:17–00078

Eastern District of Louisiana

LABICHE, ET AL. v. ASTRAZENE-CA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–15893

JOHNSON, ET AL. v. ASTRAZENE-CA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–16424

TILLMAN v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 2:16–17742

BALES v. ASTRAZENECA PHARMA-CEUTICALS LP, ET AL., C.A. No. 2:16–17744

SELF v. ASTRAZENECA PHARMA-CEUTICALS LP, ET AL., C.A. No. 2:16–17746

LEBLANC v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 2:16–17748

EDWARDS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–17750

DONALD v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 2:16–17753

MCCOY v. ASTRAZENECA PHAR-MACEUTICALS, LP, ET AL., C.A. No. 2:16–17903

ELLIS v. ASTRAZENECA PHARMA-CEUTICALS LP, ET AL., C.A. No. 2:16–17904

ROGERS v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 2:16–17906

HARTS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–02298

WILLIAMS v. PROCTOR & GAMBLE COMPANY, ET AL., C.A. No. 2:17–03972

MORRIS v. ASTRAZENECA LP, ET AL., C.A. No. 2:17–04804

BRUNET v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 2:17–05114

Middle District of Louisiana

DAVIS v. ASTRAZENECA PHARMA-CEUTICALS LP, ET AL., C.A. No. 3:16–00686

SMITH v. ASTRAZENECA PHARMA-CEUTICALS, LP, ET AL., C.A. No. 3:16–00696

Western District of Louisiana

CAESAR v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 2:17–00198

MODICUE v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 6:16–01444

MILLER v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 6:16–01455

CRANDELL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:16–01460

BUSH v. ASTRAZENECA PHARMA-CEUTICALS LP, ET AL., C.A. No. 6:17–00669

District of Maine

MCGARR v. ASTRAZENECA PHAR-MACEUTICALS LP, ET AL., C.A. No. 1:17–00183

1358

### District of Maryland

BURCH v. WYETH PHARMACEUTICALS, INC., ET AL., C.A. No. 8:17–00970

### Eastern District of Missouri

MILLIGAN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 4:17–01546

### Western District of Missouri

GREGG v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17–03101

### District of New Jersey

GOODSTEIN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–05143

SPRATT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–05523

BOYD v. ASTRAZENECA LP, ET AL., C.A. No. 2:16–08121

HUNTER v. ASTRAZENECA LP, ET AL., C.A. No. 2:16–08895

ADKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00194

SAVAGE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00196

PIERRE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00198

AUBREY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00201

GILYARD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00202

TONEY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00203

WATKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00204

STEWART v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00206

GRAVES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00207

SCOTT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00208

CARRUTHERS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00211

LEE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00212

WILBURN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00213

WILKERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00215

LAYTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00216

GUTIERREZ v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00217

HAWKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00218

HUDSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00219

LLOYD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00500

MASSENGILL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00761

GARRISON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01207

ELLIOTT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01413

JAY, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01606

MUSE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01870

JONES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02098

DEVITO v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02465

FOSTER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02475

LUZZO v. ASTRAZENECA LP, ET AL., C.A. No. 2:17-02567

STARKS v. ASTRAZENECA PHARMACEUTICALS, LP, ET AL., C.A. No. 2:17-02597

PETTIES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02700

ROBERTSON v. ASTRAZENECA LP, ET AL., C.A. No. 2:17-02744

PETERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02999

HENDERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03056

BOOTHE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03191

HOLLOWAY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03192

VALENTINE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03193

ALLEN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03197

MORRIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03200

KELLEY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03204

HOUZER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03207

BOULER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03209

CARROLL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03210

HUNTER-MALONE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03211

KILIAN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03265

LANE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03302

BOWENS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03316

STUKES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03343

LAURENT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03346

ZELLARS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03364

BREWINGTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03365

CHISLEY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03366

BERNARD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03461

MITCHELL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03467

LYTTLE, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03562

TACNEAU v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03591

HOWARD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03594

JONES, JR. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–03606

Eastern District of New York

GAGLIO v. ASTRAZENECA PHARMACEUTICAL LP, ET AL., C.A. No. 1:17–02383

HOLBECK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:17–03192

Northern District of New York

HORNFECK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 5:16–01243

Western District of North Carolina

MOORE v. TAKEDA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:16–00364

Southern District of Ohio

GOMEZ, ET AL. v. PROCTER & GAMBLE MANUFACTURING COMPANY, ET AL., C.A. No. 1:17–00340

BURNETT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16–00894

BUTLER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00183

Northern District of Oklahoma

BELLAMY v. TAKEDA PHARMACEUTICAL COMPANY LTD., ET AL., C.A. No. 4:17–00289

Western District of Oklahoma

ROUNDTREE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 5:17–00432

Eastern District of Pennsylvania

COOPER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00050

STOCKTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00051

RUSS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00052

BALL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00053

GARRITY, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00054

BROOKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00055

VERTREES, ET AL. v. TAKEDA PHARMACEUTICAL COMPANY LIMITED, ET AL., C.A. No. 2:17–00079

MARTINEZ, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00080

PACK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00081

MALLARD, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00082

ROBINSON, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00083

DONALD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00084

WILLINGHAM v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00095

ANSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00096

BURNETT, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00097

HALL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00098

STAFFORD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00100

HAMILTON, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00101

KENNEDY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00102

KING, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00103

BARTLETT, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00104

MILLER, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00105

ROMERO, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00107

CLAXTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00138

SWIFT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00139

PERDEW v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00140

SEGURA v. WYETH, LLC, ET AL., C.A. No. 2:17–00141

KETCHUM, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00142

VALENTINE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00148

JONES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00149

GRIGGS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00150

MCDANIEL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00151

LAPOLLA, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00152

PARMS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00153

ADAMS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00154

RUNYONS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00155

NEWELL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00156

RIGGS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00157

WHITAKER, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–00160

District of South Carolina

ALL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:17–00968

HARRIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17–01045

District of Utah

CLARK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:16–00160

Southern District of West Virginia

CHURCH, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:16–07910

KREUGER, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17–02370